UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08171-AH-(RAOx) | Date | November 3, 2025 |
| Title | *Ramona Elia Sanchez v. General Motors LLC et al.* | | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 16)

Before the Court is Plaintiff Ramona Elia Sanchez's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). Mot., Dkt. No. 16. Defendant General Motors LLC ("Defendant") opposes ("Opposition" or "Opp'n"). Opp'n, Dkt. No. 17. Plaintiff replied ("Reply"). Reply, Dkt. No. 18. The Court found this matter appropriate for decision without oral argument and took the matter under submission. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court has reviewed the papers and the relevant law, and for the following reasons the Court **DENIES** Plaintiff's Motion.

I.  **BACKGROUND**

On or around March 22, 2020, Plaintiff purchased a motor vehicle (the "Vehicle"). Compl., Dkt. No. 1-1, ¶ 9. In connection with the purchase, Plaintiff received various warranties. *Id.* ¶ 11. During Plaintiff's ownership of the Vehicle, the Vehicle manifested defects covered by the express warranties, including a transmission defect. *Id.* ¶ 12. Plaintiff delivered the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but Plaintiff alleges that the Vehicle was not serviced or repaired to conform to the

applicable express warranties after a reasonable number of opportunities to do so. *Id.* ¶¶ 13-14.

Based on the above allegations, Plaintiff alleges violations of the Song-Beverly Consumer Warranty Act ("SBA"), California Civil Code §§ 1791.1, 1793.2, and 1794, violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312, violation of the Uniform Commercial Code, and violation of the Consumer Legal Remedies Act, California Civil Code § 1750, *et seq. Id.* ¶¶ 8-71. Plaintiff commenced this action in Los Angeles County Superior Court on February 13, 2025, and filed a First Amended Complaint ("Complaint") on April 1, 2025. *See generally id.*; Notice of Removal ("NOR"), Dkt. No. 1, at 2. Defendant filed an answer on June 25, 2025. Dkt. No. 1-2.

On August 29, 2025, Defendants removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See generally* NOR, Dkt. No. 1. Plaintiff filed the Motion on September 26, 2025. Dkt. No. 16.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a).

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This 30-day time period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005) (citation and internal quotation marks omitted). Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694; *accord Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013).

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "While § 1446(b)(1) requires only a pleading that 'set[s] forth' a ground for removal to start the removal clock under the first pathway, § 1446(b)(3)'s second pathway requires an amended pleading, motion, order, or other paper from which a ground for removal may be 'ascertained.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021). The "removal clock [under § 1446(b)(3)] does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Id.* at 1091. "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Though "defendants need not make extrapolations or engage in guesswork," they are still required "to apply a reasonable amount of intelligence in ascertaining removability," such as by "[m]ultiplying figures clearly stated in a complaint." *Kuxhausen*, 707 F.3d at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 206 (2d Cir. 2001)). Absent the triggering of any 30-day removal clock, a defendant has one year following commencement of the action to remove. 28 U.S.C. § 1446(c)(1).

Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

### III.  DISCUSSION

Plaintiff argues that Defendant's Notice of Removal was untimely because removability was clear from the face of the Complaint. She argues that the MMWA is a federal cause of action making removability apparent under 28 U.S.C. § 1331, and that the Complaint revealed sufficient information to calculate the amount in controversy, thus triggering the 30-day deadline which lapsed before Defendant removed the action. Mot. at 5-6. Alternatively, Plaintiff argues that Defendant has not established that the amount in controversy exceeds the jurisdictional threshold. Defendant maintains that the deadline for removal had not

been triggered, that its removal was timely, and that the jurisdictional threshold has been established by a preponderance of the evidence. *See* Opp'n at 6, 16.

### A. Timeliness of Removal

Plaintiff argues that Defendant could have ascertained removability from the Complaint because it contained a claim under the federal MMWA, giving rise to federal question jurisdiction. Mot. at 5. The MMWA permits claims to be filed in federal court only if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d). Plaintiff is therefore incorrect that the mere pleading of a claim under the MMWA "is grounds, alone, to grant Plaintiff's Motion." Mot. at 5; *see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000.").

Moreover, here, there were no "figures clearly stated in the complaint" that Defendant could have used to determine the amount in controversy. *Kuxhausen*, 707 F.3d at 1140. Numerous courts have rejected Plaintiff's argument that the caption page and Civil Case Cover Sheet to the Complaint invoking the state court's unlimited jurisdiction over $35,000 is sufficient to show the amount in controversy is met. *See, e.g.*, *Lopez v. Gen. Motors, LLC*, 2025 WL 2629545, *2 (C.D. Cal. Sept. 11, 2025) (collecting cases). The Civil Case Cover Sheet only requires certification that the "amount demanded exceeds $35,000."[1] There is no indication in the Complaint or the Civil Case Cover Sheet that this amount constitutes actual damages (for which Plaintiff could be entitled to civil penalties and/or attorney's fees), as opposed to the total amount of damages at issue in the case.

Plaintiff's only other argument is that Defendant had "sophisticated knowledge of the motor vehicle industry" and the ability to investigate the value of the Vehicle given the make, model, year, and VIN included in the Complaint. Mot.

---

[1] Although the Notice of Removal does not attach the Civil Case Cover Sheet specifically filed in this case, the Court takes judicial notice of the Civil Case Cover Sheet utilized in the Los Angeles Superior Court. Plaintiff's Motion purports to attach the Civil Case Cover Sheet, Mot. at 8, but does not, and Plaintiff does not argue that any specific information was added to the Civil Case Cover Sheet's general specification regarding the "amount demanded."

at 6, Dkt. No. 17.  Plaintiff argues that this information, coupled with the relief sought in the Complaint, such as civil penalties and attorney's fees, made it possible for Defendant to plausibly allege the amount in controversy.  *Id*. at 6-7.  However, there were no relevant figures alleged in the Complaint such that Defendant could have determined the actual damages based on the initial pleading.  As set forth above, although Defendant may have been able to conduct its own independent investigation into Plaintiff's actual damages, Defendant was not required to do so.[2]  Accordingly, Defendant's August 29, 2025 removal of the action was timely because it took place within one year of commencement of the action.  28 U.S.C. § 1446(c)(1).

### B.     Amount in Controversy

There does not appear to be a dispute as to whether the Parties are citizens of diverse states.[3]  Thus, the Court will analyze whether the amount in controversy exceeds the jurisdictional threshold.  Under the SBA, the threshold is $75,000 for diversity jurisdiction; under the MMWA, the threshold is $50,000.  However, Defendant does not address the amount in controversy under the MMWA and only focuses on establishing an amount in controversy exceeding $75,000 for purposes of the SBA.[4]

---

[2] Plaintiff argues in reply that Plaintiff provided Defendant with the Vehicle's Retail Installment Contract and all repair orders prior to filing the action.  This argument was not fairly presented in the Motion and the Court declines to reach this argument presented for the first time in reply.  *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived.").

[3] Defendant is incorporated in Delaware and has its principal place of business in Michigan.  NOR at 3.  Plaintiff appears to concede her California citizenship.  *See* Mot. at 2.

[4] Defendant argues that there is uncertainty in how district courts calculate the amount in controversy under MMWA and argues that here, Plaintiff pleads different damages for her SBA claims from his sole claim under the MMWA.  Opp'n at 10-12.  Plaintiff does not address the calculation of the amount in controversy for the MMWA claim.  Some courts look to civil damages authorized by the SBA to determine the measure and type of damages under the MMWA.  *See, e.g.*, *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239-40 (C.D Cal. Nov. 7, 2005).  Attorney's fees are available under the MMWA.  *Shoner v. Carrier Corp.*,

1.  **<u>Actual Damages</u>**

The SBA permits actual damages in the form of restitution "in an amount equal to the actual price paid by the buyer," less the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle" for repair. Cal. Civ. Code § 1793.2(d)(2)(B)-(C). "The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the . . . repair facility for correction of the problem." *Id.* § 1793.2(d)(2)(C). "The Ninth Circuit has explained that 'consideration of the [u]se [o]ffset [is] appropriate' in determining the amount in controversy because 'an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable.'" *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (quoting *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018)) (alterations in original). In addition, amendments to the SBA that took effect January 1, 2025, provide for other statutory offsets based on third-party supplied equipment and services, negative equity, manufacturer's rebate, and unpaid interest or financing costs. Cal. Civ. Code § 871.27(b)-(d), (f). "California courts have held that actual price paid or payable, includes all amounts plaintiffs become legally obligated to pay when they agreed to buy the vehicle." *Godoy v. Jaguar Land Rover N. Am., LLC*, 2024 WL 4682310, at *3 (N.D. Cal. Nov. 5, 2024) (quoting *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38 (2000)) (citation modified).

Here, the total purchase price of the Vehicle was $57,761.84. Thiara Decl., Ex. A, Dkt. No. 17-2, at 1. Because the Vehicle had 125 miles before Plaintiff purchased it and 12,027 miles when Plaintiff first delivered the Vehicle to the repair facility, Plaintiff traveled a total of 11,902 miles in the Vehicle. *See id.*; Thiara Decl. ¶ 3. Dividing this number by 120,000 and multiplying this by the cash price of the Vehicle—$36,860.00—results in an estimated mileage offset of $3,655.89. Thiara Decl., Ex. A, Dkt. No. 17-2, at 2. Additionally, Defendant identified other offsets for optional third-party contracts amounting to a total of

---

30 F.4th 1144, 1148 (9th Cir. 2022) ("We hold that attorneys' fees are not 'costs' within the meaning of the MMWA and therefore may be included in the amount in controversy if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes.").

$650. Thiara Decl., Ex. A; Code Civ. Proc. § 871.27. Finally, Defendant estimated an unpaid financing offset of $4,658.57.[5]

Thus, Defendant presented evidence that the actual damages at issue would be $48,797.38.

### 2. Civil Penalties

The SBA permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages." Cal. Civil. Code § 1794(c). This is only if the defendant's violations are willful. *Id.* Although district courts have found that civil penalties should be included in the amount in controversy if pled in the Complaint, many other district courts do not include civil penalties "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases). "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). The "defendant must make some effort to justify the assumption." *Estrada v. FC US LLC*, 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (internal quotation marks and citations omitted). "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy." *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023).

Here, Defendant argues that "Plaintiff has done more than merely state that she is seeking civil penalties, she specifically alleges willfulness." Opp'n at 18. Additionally, Defendant notes that Plaintiff presented the Vehicle for repair at least three times. Opp'n at 18. Notably, here, Plaintiff concedes that she seeks "civil penalties of two times the actual damages." Mot. at 8. Plaintiff argues that Defendant does not proffer evidence that Plaintiff will receive the maximum amount of civil penalties. Reply at 6. However, here, Defendant does not need to establish the maximum amount of civil penalties in order to reach the amount in controversy. Particularly in light of Plaintiff's concession, the Court finds that Defendant has sufficiently carried its burden to show that at least $26,203 in civil

---

[5] In calculating this number, Defendant estimates an additional 12 months of financing payments "[b]ased on initial discussion with counsel" indicating that "this case is unlikely to resolve early." Opp'n at 17.

penalties is in controversy. Plaintiff further argues that civil penalties cannot be calculated because Defendant's estimate of actual damages is fatally speculative. Reply at 8. However, as discussed above, Defendant presents evidence of the amount of actual damages in controversy based on the purchase agreement and its review of Plaintiff's repair history. Accordingly, the Court disagrees that Defendant's estimate of actual damages is speculative.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**